**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD RAY TATE,

Defendant.

Case No. 24-cr-288(2)(JRT/JFD)

**PRELIMINARY ORDER OF FORFEITURE**

---

Craig R Baune, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 S 4th St. Ste 600, Minneapolis, MN 55415, for plaintiff.

Daniel L. Gerdts, **GERDTS LAW, PLLC,** 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, Counsel for Defendant.

Based on the United States' Motion for a Preliminary Order of Forfeiture; on Defendant Donald Ray Tate's plea of guilty Counts 1 and 3 of the Superseding Indictment; and on the Court having found that certain property is subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c), the United States has established the requisite nexus between such property and the offenses to which the Defendant has been found guilty,

IT IS HEREBY ORDERED that:

1. the United States' Motion for a Preliminary Order of Forfeiture (ECF No. 201) is **GRANTED;**

2. a Glock Model 19 9mm pistol, bearing serial number AFYC642, together with ammunition seized therewith ("the Property"), is forfeited to the United States pursuant to 8 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c);

3. the Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. the United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7. this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: August 26, 2026 at
Minneapolis, Minnesota

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge